# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>GARY JAMES SMITH,<br><br>    Debtor. | Case No.   01-80515-RGM<br>(Chapter 7) |
| GARY JAMES SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>WACHOVIA BANK, N.A.,<br><br>    Defendant. | Adv. Proc. No. 05-1261 |

### MEMORANDUM OPINION

Gary James Smith filed a complaint for damages and an injunction for violation of the discharge injunction. Bankruptcy Code §524. This case is similar to that of *Helmes v. Wachovia Bank, N.A.* Adversary Proceeding #05-1178 (Bankr. E.D. Va.). The principal arguments in both cases are the same. There is no need to recite them again and counsel are referred to the Memorandum Opinion in that case which is incorporated by reference into this Memorandum Opinion.     In addition to the arguments put forward in *Helmes v. Wachovia*, the bank asserts that it sold the loan on October 17, 2000, to First Select/Providian, a legally separate and unrelated entity. The debtor alleges that the improper report to Experian was made on or about September, 2001. The bank argues that it did not make the improper report because it sold the note on October 17, 2000, and the credit bureau report was not made until September, 2001. What is telling about the affidavit is that the bank does not deny that it made the report. It merely says that it sold the loan

prior to the report having been made. This does not exclude the possibility that it made the report even though it had sold the obligation.

The absence of a direct denial is pregnant with implication when one reads the rest of the affidavit and Wachovia's motion. The motion sets out that Smith's debt was actually incurred with Core States Bank which merged into First Union National Bank. First Union National Bank merged with Wachovia Bank and assumed the name Wachovia. It is easy to imagine that after several mergers Wachovia's books and records, and particularly, its collection processes, are not so fully integrated as to prevent such a report to the credit agency notwithstanding the sale of the note. The sale of the note may be evidence that Wachovia did not make the credit report, but it does not exclude the possibility that it did.

For the same reasons set forth above and in the Memorandum Opinion filed in *Helmes v. Wachovia Bank*, the motion will be denied.

Alexandria, Virginia
June 8, 2005

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Robert R. Weed
Dwayne L. Garrett

12213